■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. CRUZ, Appellant. [747 NYS2d 630] —Appeal from a judgment of Ontario County Court (Doran, J.), entered May 25, 2001, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and menacing in the second degree (§ 120.14 [2]). Defendant contends that County Court erred in denying his CPL 330.30 motion to set aside the verdict with respect to his conviction of criminal sale of a controlled substance in the third degree on the ground that the evidence was insufficient as a matter of law to establish that the substance that defendant gave to the witness was a narcotic drug. We reject that contention. Although the People did not offer in evidence a chemical analysis of the substance, the witness testified at trial that he used four of the 10 packets of heroin that defendant gave him to get "high." The witness further testified that he was a heroin addict and that he had been using heroin for approximately one year before he used the substance that he had received from defendant. In addition, he testified that he used "a lot" of drugs, as many as "eight or nine packets" of drugs a day. The witness therefore was qualified to identify the substance that he received from defendant as a narcotic drug based upon his actual use of that substance and his experience as a heroin addict (see People v Lynch, 85 AD2d 126, 128-129). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.